**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIAN DAVIS,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>E. G. FLORES; et al.,<br><br>             Defendants - Appellees. | No. 11-15296<br><br>D.C. No. 1:08-cv-01197-JTM-<br>JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

California state prisoner Dorian Davis appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging denial of the right to

practice his religion in violation of the First Amendment, the Religious Land Use

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and Institutionalized Person's Act ("RLUIPA"), and the Equal Protection Clause of the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and the district court's summary judgment, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm in part, vacate in part, and remand.

The district court properly dismissed Davis's equal protection claim because he failed to allege facts showing he was intentionally treated differently from similarly situated inmates. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

The district court properly granted summary judgment on Davis's First Amendment claims premised on the seven-month prohibition against using prayer oil in cells because Davis failed to raise a genuine dispute of material fact as to whether the prohibition was reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351-52 (1987) (no First Amendment violation if inmates unable to attend certain prayer services were free to participate in other religious ceremonies and practices).

The district court properly granted summary judgment on Davis's RLUIPA claim premised on the temporary suspension of in-cell use of prayer oil because Davis did not raise a genuine dispute of material fact as to whether the suspension failed to further "a compelling governmental interest" or was not "the least restrictive means" of preventing further smuggling of contraband. 42 U.S.C. § 2000cc-1(a); *see Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("[P]rison security is a compelling state interest, and . . . deference is due to institutional officials' expertise in this area.").

The district court failed to address Davis's First Amendment and RLUIPA claims premised on a prison prohibition of unsupervised inmate-led religious services. Accordingly, we vacate the judgment as to these claims and remand for further proceedings.

Davis's remaining contentions are unpersuasive.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**